IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Victor E. Schmitt and Cheryl Schmitt on behalf of themselves and all others similarly situated, | : : : : | Case No. |
| Plaintiffs, | : : | |
| vs. | : : : | **COMPLAINT and JURY DEMAND** |
| Rausch, Sturm, Israel, Enerson & Hornik, LLP, | : : : | **(Class Action)** |
| Defendant. | : : : : | |

## I.  INTRODUCTION

This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*. Plaintiffs on behalf of themselves and all persons similarly situated seek a declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collector - Rausch, Sturm, Israel, Enerson & Hornik, LLP. This matter arises from Defendant's routine practice of filing county court collection complaints against Nebraska consumers for alleged Discover Bank debts, which were incurred for personal, family or household purposes. Defendant's collection complaints are confusing to an unsophisticated consumer because the complaints

allege a "credit account relationship" but do not provide specifics about the alleged accounts, the parties to the account(s), whether oral or written, the dates of goods or services provided, a copy of any contract at issue and/or the date of the last payment on the alleged debt. Defendant's actions violate 15 U.S.C. § 1692c(2), §1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), § 1692f and § 1692f(1). Plaintiffs also allege that each of the challenged practices set forth herein violates the NCPA.

## II. <u>JURISDICTION</u>

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

2. *In personam* jurisdiction exists and venue is proper as Defendant does business regularly in the District of Nebraska and the challenged practices occurred in this jurisdiction. Plaintiffs are residents of this district. <u>See</u> 28 U.S.C. § 1391.

## III. <u>PARTIES</u>

3. Plaintiffs, Victor E. Schmitt and Cheryl Schmitt (Individually "Mr. Schmitt" – "Mrs. Schmitt") OR (Collectively "Plaintiffs") are adult individuals residing in Sarpy County, Nebraska. At all times material hereto, Plaintiffs and each member of the class they seek to represent are "consumers" as that term is contemplated in § 1692a of the Act.

4. The home office of Rausch, Sturm, Israel, Enerson & Hornik, LLP ("Rausch, Sturm") OR ("Defendant") is in Brookfield, Wisconsin. Rausch, Sturm is a debt collection law firm doing business in Nebraska engaged in the collection of defaulted accounts owed to others. Rausch, Sturm, is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. Rausch, Sturm is involved in and responsible for the actions challenged in this lawsuit.

## IV.     FACTUAL ALLEGATIONS

5. Defendant filed its standard county court collection complaint on behalf of Discover Bank in the County Court of Sarpy County, Nebraska, against each Plaintiff. Rausch, Sturm appears as the law firm of record in both county court cases. True and correct copies of both Schmitt's collection complaints are attached hereto as Exhibit A and B respectively and incorporated herein by this reference.

6. Defendant sued Plaintiff Victor E. Schmitt with the collection complaint identified as Exhibit A filed in Sarpy County Court at Case Number CI 20 – 3870 and entitled *Discover Bank v. Victor E. Schmitt*, which seeks to collect on an alleged Discover card account.

7. Defendant sued Plaintiff Cheryl Schmitt with the collection complaint identified as Exhibit B filed in Sarpy County Court at Case Number CI 20 – 3861

and entitled *Discover Bank v. Cheryl Schmitt*, which seeks collection of an alleged Discover card account.

8. Defendant's standard form collection complaints (<u>Exhibit A & B</u>) are confusing under the unsophisticated consumer standard because they fail to attach a copy of supporting documentation or include information allowing the consumer to identify the charges constituting the amount sought in the lawsuit or the "credit account relationship" referenced in Defendant's county court complaints.

9. Both Plaintiffs were confused and ultimately forced to hire an attorney to determine the basic information needed to respond to Defendant's complaint.

10. The alleged Discover Bank debts were incurred primarily for personal, family or household purposes.

11. The use of such standard form complaints is a material violation of the FDCPA, which establishes standing to maintain this case. *Tourgeman v. Collins Fin. Serves., Inc.*, 755 F.3d 1109 (9th Cir. 2014). Plaintiffs incurred actual damages in the form of hiring an attorney to defend the collection lawsuit, and confusion and distress.

12. Defendant's use of county court collection complaints in the form of <u>Exhibits A and/or B</u> create a sufficient risk of harm contemplated by the FDCPA to establish a concrete injury-in-fact for Plaintiffs and the class they seek to represent as articulated in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016).

## V. DEFENDANT'S ROUTINE PRACTICES

13. Defendant's routine practice is to file county court collection complaints in the form of Exhibit A and/or B, which violate 15 U.S.C. §1692c(2) §1692e, § 1692e(2)(A), § 1692e(5), §1692e(10), § 1692f and § 1692f(1) of the FDCPA and the NCPA. Neb.Rev.Stat. § 59-1601 *et seq*.

14. It is Defendant's policy and practice to not include material facts of the alleged debt, including – but not limited to – the complaints allege a "credit account relationship" but do not provide specifics about the alleged accounts, the parties to the accounts, whether oral or written, dates when goods or services were provided, a copy of any contract at issue and/or the date of the last payment on the alleged debt.

15. Defendant routinely files and prosecutes county court collection lawsuits in the challenged form against consumers in Nebraska.

16. Plaintiffs hired a lawyer to file a motion to obtain the necessary information to file an answer.

17. Despite being put on actual notice that Plaintiffs were represented by counsel by counsel, Defendants continue to send pleadings directly to the consumer as is their routine practice, which caused Plaintiffs confusion and distress.

## VI.   CLASS ALLEGATIONS

### FDCPA CLASS

18.   This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendant filed a county court collection complaint in the form of <u>Exhibit A and/or B</u> or such a collection lawsuit was pending or proceeding on behalf of Discover Bank (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendant's records or the records of the original creditor, was primarily for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.

### NCPA CLASS

19.   This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendant filed a county court collection complaint in the form of <u>Exhibit A and/or B</u> or such a collection lawsuit was pending or proceeding on behalf of Discover Bank (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendant's records or the records of the original creditor, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

20.     Defendant's use of standard template county court collection complaints in the form of <u>Exhibits A and B</u> is so numerous that joinder of all class members is impractical.

21.     Questions of law and fact exist common to the class, which common questions predominate over issues involving only individual class members.  The principal question is whether Defendant's county court collection complaint in the form of <u>Exhibit A and/or B</u> violates 15 U.S.C. § 1692c(2), § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), § 1692f and § 1692f(1).

22.     Plaintiffs' claims are typical of the class members. All of the claims are based on the same facts and legal theories.

23.     Plaintiffs will fairly and adequately represent the interests of the class members.

24.     Plaintiffs retained counsel experienced in class actions and debt collection abuse cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

26.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    (a)     The questions of law or fact common to the members of the

   class predominate over any questions affecting only individual members; and

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  27. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendant acted in a uniform manner toward the Plaintiff and the class thereby making injunctive and declaratory relief appropriate.

  28. Plaintiffs request that the Court certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

  29. Plaintiffs repeat, re-allege and incorporate by reference all foregoing paragraphs.

  30. Defendant's county court collection complaint in the form of Exhibits A & B violates 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), § 1692f and § 1692f (1). Defendants routine practices also violate §1692c(2) by communicating directly with consumers the defendant knows is represented by an attorney with respect to such debt.

WHEREFORE, Plaintiffs request that this Court certify the classes defined herein and enter judgment for Plaintiffs and the class members against the Defendant:

(a) Awarding actual damages;

(b) Awarding statutory damages to Plaintiffs and the class provided by 15 U.S.C. § 1692k(a)(2);

(c) Awarding Plaintiffs and the class their costs and reasonable attorneys' fees;

(d) Declaring the challenged practices herein to be unlawful under the Act; and

(e) Granting such other and further relief as may be deemed just and proper.

**VIII.    COUNT II – CONSUMER PROTECTION ACT**

31. Plaintiffs incorporate by reference all allegations contained above as if set forth here at length.

32. Defendant is a "person" engaged in "Trade or Commerce" as those terms are contemplated in the Nebraska Consumer Protection Act. Neb.Rev.Stat. § 59-1601, *et seq*.

33. Defendant's routine practice of filing standard template county court debt collection complaints in the form of Exhibits A and B against Nebraska

residents constitutes unfair or deceptive acts or practices in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices in violation of Neb.Rev.Stat. § 59-1602.

34. Defendant's violations cause financial injury to the Plaintiffs and the class and asserting this claim is in the public interest.

35. Defendant's practice described above violates the NCPA.

36. Defendant is a public entity and in the normal course of business is engaged in the practices described herein affecting Nebraska consumers.

37. Defendant's county court debt collection complaints, in the form of <u>Exhibit A and B</u> are routinely used against consumers across Nebraska and their use is not an isolated transaction, which makes this case in the public interest.

38. It is in the public interest to prevent debt collectors such as the Defendant from using confusing and deceptive means to collect consumer debts, which would allow consumers to make informed decisions when responding to a debt collection lawsuit filed by Defendant.

WHEREFORE, Plaintiffs request that judgment be entered for themselves and the class against Defendant for:

    A. Statutory damages, pursuant to Neb.Rev.Stat. § 59-1609;

    B. Injunctive relief pursuant to the NCPA;

    C.    Declaratory relief that Defendants' practices violate the NCPA;

    D.    Costs and reasonable attorneys' fees pursuant to Neb.Rev.Stat. § 59-1609;

    E.    Actual damages for Plaintiffs and the class; and

    F.    Such other and further relief as the court deems just and equitable.

## IX. JURY DEMAND

Plaintiffs demand a trial by jury of all claims so triable in Omaha.

Dated: January 7, 2021

    Victor E. Schmitt and Cheryl Schmitt on behalf of themselves and all others similarly situated, Plaintiffs,

    By: */s/ Pamela A. Car*
    Pamela A. Car #18770
    William L. Reinbrecht, #20138
    Car & Reinbrecht, P.C., LLO
    2120 S. 72nd Street, Suite 1125
    Omaha, NE 68124
    (402) 391-8484 Telephone
    E-mail: pacar@cox.net

    O. Randolph Bragg
    Horwitz, Horwitz & Associates
    25 East Washington Street, Suite 900
    Chicago, IL 60602
    (312) 372-8822
    rand@horwitzlaw.com
    **ATTORNEYS FOR THE PLAINTIFFS AND THE PUTATIVE CLASS**