IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICTOR E. SCHMITT, on behalf of themselves and all others similarly situated; and CHERYL SCHMITT, on behalf of themselves and all others similarly situated;<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, GREGORY W. ENERSON, JULIE A. RAUSCH, PAUL THIELHELM, and DISCOVER BANK,<br><br>　　　　　　　Defendants. | 8:21CV11<br><br>MEMORANDUM & ORDER |

This matter is before the Court on Plaintiffs' Objection to Magistrate Judge's Order, Filing No. 50. The Magistrate Judge's Order, Filing No. 49, granted defendants' motion to compel arbitration, Filing No. 37. The order found there was a valid arbitration agreement between the parties. Filing No. 49 at 16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this is a federal question case relating to The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 and the Federal Arbitration Act, 9 U.S.C.A. § 3.

BACKGROUND

Plaintiffs, Victor E. Schmitt and Cheryl Schmitt, on behalf of themselves and all others similarly situated, filed a class action lawsuit against Defendants, Rausch, Sturm, Israel, Enerson & Hornik, LLP, Julie A. Rausch, William C. Sturm, Scott M. Israel, Gregory W. Enerson, Robert Hornik, Paul Thielhelm, (collectively "RS Defendants") and Discover Bank ("Discover"), on January 1, 2021, and later amended their complaint on April 16, 2021. Filing Nos. 1 and 16.

1

RS Defendants previously brought suit against Plaintiffs on behalf of Discover in order to recover credit card debt owed to Discover, under Case Numbers CI 20-3870, and CI 20-3861 in Sarpy County, Nebraska District Court. Filing No. 16 at 6 and Filing No. 16-1. Plaintiffs allege that Discover ceased collection efforts from the Plaintiffs in 2019, however, Defendants deny that allegation. Filing No. 16 at 6 and Filing No. 21 at 4. Plaintiffs allege that Discover waived collection of accruing interest and charged off the accounts allegedly owed by the Plaintiffs. Filing No. 16 at 6. When the Plaintiffs received complaints from RS Defendants and Discover, they were confused and hired an attorney to assist with the suit. *Id.* at 7.

Plaintiffs allege in Count I, that Defendants violated FDCPA, when they continued to communicate directly with consumers who were known to be represented by an attorney. *Id.* at 17. Plaintiffs argue that because of the standard forms used in violation of the Fair Debt Collection Practices Act ("FDCPA"), they incurred actual damages by having to hire an attorney, as well as emotional distress. *Id.* at 7. Plaintiffs allege in Count II, that the Defendants violated the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601, by filing county court debt collection complaints, sending letters, and seeking and adding unauthorized interest after the alleged accounts were charged off. *Id.* at 19.

Defendants filed a Motion to Compel Arbitration on August 2, 2021. Filing No. 37. Defendants argue that the Plaintiffs agreed to Discover's terms and conditions associated with their Discover accounts. *Id.* at 1. One of the provisions in the terms and conditions was that either party can elect to arbitrate any dispute that arises out of or relates to the accounts. *Id.* Defendants argue that this suit relates to Plaintiffs' accounts with Discover, and Defendants elect to compel arbitration. *Id.*

Mrs. Schmitt obtained her credit card from Discover on October 20, 1994, and agreed to the terms and conditions. Filing No. 38 at 2. A specific term in the agreement authorized Discover to "change any term or part of this Agreement . . . by sending [her] written notice at least 30 days before the change is to become effective," and gave Mrs. Schmitt 30 days to object to the provision if she did not agree. *Id.* at 3. In April 2003, Discover modified their terms and conditions to include an arbitration clause:

> In the event of any past, present, or future claim or dispute (whether based upon contract, tort, statute, common law or equity) between you and us arising from or relating to your Account . . . you or we may elect to resolve the claim or dispute by binding arbitration.
>
> IF EITHER YOU OR WE ELECT ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM . . . NEITHER YOU NOR WE SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS IN ARBITRATION BY OR AGAINST OTHER CARDMEMBERS WITH RESPECT TO OTHER ACCOUNTS, OR ARBITRATE ANY CLAIMS AS A REPRESENTATIVE OR MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY CAPACITY. . .

*Id.* Before the arbitration agreement became effective, Discover mailed Mrs. Schmitt a letter titled "Notice of Right to Reject Arbitration." *Id.* Mrs. Schmitt never objected to the arbitration clause.

Mr. Schmitt applied for a Discover credit card and received the card on January 10, 2005, along with Discover's 2004 terms and conditions agreement. *Id.* at 4. The terms and conditions advised Mr. Schmitt to carefully read the agreement before using his account. *Id.* The terms and conditions stated that an arbitration clause was included on page 12 and that Mr. Schmitt may reject the clause by providing notice within 30 days. *Id.* Defendants argue that Mr. Schmitt accepted the terms and conditions when he used his new account and did not cancel it within 30 days of receiving it. *Id.*

3

## MAGISTRATE JUDGE'S FINDINGS

Plaintiffs argue the arbitration clause is unconscionable because it was buried in the fine print of a piece of junk mail that they do not recall seeing. Filing No. 43 at 27. Plaintiffs argue that the charges on their account incurred before the arbitration clause took effect, therefore, the clause should not apply to those charges. *Id.* at 14. Plaintiffs argue that arbitration is substantively unconscionable because it is one sided, costly, and forecloses the ability to pursue a class action. Filing No. 49 at 13.

Magistrate Judge Zwart viewed the evidence and the totality of the circumstances and found that the contract is not unconscionable. *Id.* at 8. The Magistrate Judge found that Mrs. Schmitt was given notice of the new arbitration clause, given notice of her right to reject the clause, and failed to reject the clause. *Id.* at 9. The Magistrate Judge acknowledges that there are no specific credit card charges to show when the Plaintiffs' activity occurred, and whether that was after the arbitration clause was made effective. *Id.* at 10. However, letters sent to the plaintiffs, dated June 7, 2019, also prove that the accounts were still active 30 days after the arbitration clause took effect. *Id.* The Magistrate Judge found that the arbitration clause was not buried in the fine print like the Plaintiff alleges. *Id.* at 11. The arbitration clause was in the same size font as the entire terms and condition agreement. *Id.* Discover's 2003 and 2004 agreements included a notice of right to reject arbitration on the first page. *Id.* The Magistrate Judge found that the arbitration clause was not one sided because either party could elect to resolve a conflict by arbitration. *Id.* at 13. The Magistrate Judge also found that the Plaintiffs provided no evidence that the costs or arbitration are prohibitive, and instead only provided generalized statements. *Id.* at 14.

4

## DISCUSSION

In their objection, Plaintiffs first argue that the Magistrate Judge erred in finding that the arbitration clause was not buried or hidden within the fine print of the agreement. Filing No. 50 at 2.  The Plaintiffs argue that the letters from Discover to the Plaintiffs dated June 7, 2019, do not prove that they used their Discover account after the arbitration clause took effect.  *Id.*  The Plaintiffs also argue that the Magistrate Judge erred in finding that a valid agreement to arbitrate exists between the parties.  *Id.* at 3.

Pursuant to NECivR 72.3 and 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and adopts the Magistrate Judge's findings.  The arbitration clause was, in fact, not buried within the text of the agreement.  Although there was not an arbitration clause when Mrs. Schmitt originally obtained a Discover Credit Card, Discover retained the right to amend the terms and conditions with 30 days' notice. Filing No. 38 at 3.  In April 2003, Discover modified their terms and conditions to include this arbitration clause and mailed Mrs. Schmitt a letter titled "Notice of Right to Reject Arbitration," which Mrs. Schmitt never objected. Filing No. 39-1 at 15–30.  Mrs. Schmitt never denied that she received the notice, only that it was buried in the fine print of a piece of junk mail that she does not recall seeing. Filing No. 43 at 27.  Therefore, this Court determines that the magistrate judge was correct in finding that the arbitration clause was not buried within the terms and conditions agreement and Mrs. Schmitt had adequate notice of the new clause.

This Court further finds that the letters from Discover to the Plaintiffs dated June 7, 2019, prove that the Plaintiffs used their Discover accounts after the arbitration clause took effect, therefore, accepting the terms and conditions, including the arbitration clause. This Court finds that Mrs. Schmitt did in fact receive a notice to object to the arbitration

clause, did not object to the clause, and therefore, accepted the clause. This Court finds that Mr. Schmitt did receive the terms and conditions agreement when he received his credit card, used his credit card, and therefore agreed to Discover's arbitration clause. This Court has reviewed all the Plaintiffs' other objections and finds them to be without merit, particularly given the number of cases that have permitted arbitration.[1] The Court has carefully reviewed the Magistrate Judge's Order and adopts it in its entirety. Filing No. 49 and Filing No. 50.

**THEREFORE, IT IS ORDERED:**

1. The Order Compelling Arbitration by Magistrate Judge Zwart is adopted in its entirety, Filing No. 49.

2. The Plaintiffs' Objection to Magistrate Judge Zwart's Order, Filing No. 50, is overruled.

3. Pursuant to the Magistrate Judge's Order, RS Defendants' request to join arbitration is granted and Plaintiffs' claims against the RS Defendants will be submitted to arbitration. Filing No. 49.

4. Plaintiffs' dispute shall be promptly submitted to binding arbitration in accordance with the arbitration clauses quoted and discussed in this opinion.

5. This action is stayed pending arbitration. Every 90 days from the date of this order, counsel shall file a joint status report with the court regarding the progress of the arbitration proceedings.

Dated this 7th day of March, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] *See Koch v. Compucredit Corp.*, 543 F.3d 460, (8th Cir.2008); *Sherer v. Green Tree Servicing, LLC*, 548 F.3d 379, (5th Cir. 2008); and *Hilton v. Midland Funding*, 687 Fed. Appx. 515, (6th Cir. 2017).